IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| Roger Wade Sparks, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  09-CV-1159 |
| City of Peoria, | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff, who is disabled, pursues claims against the City of Peoria based on Title II of the Americans with Disabilities Act, the Illinois Environmental Barriers Act and the Illinois Accessibility Code.  The City moves to dismiss for failure to state a claim.  For the reasons below, the Court recommends that the City's motion be granted in part and denied in part.  The Court also recommends that supplemental jurisdiction be declined over Plaintiff's claims based on the Illinois Environmental Barriers Act and the Illinois Accessibility Code.

**Standard**

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  However, the plaintiff's "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that he is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955. Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth." Id. at 1951.  However, pro se pleadings are

entitled to liberal construction.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## Allegations

It appears from some of the attachments to Plaintiff's response that, since he has filed this Complaint, the City has fixed or intends to fix some of the alleged failings.  (*see* d/e 9, p. 49, City's July 2009 letter to Human Rights Authority Director).  Plaintiff's attachments also show that the U.S. Department of Justice opened an investigation into many of these complaints in or around May 2009, but there is nothing in the record as to the status of that investigation.  (d/e 9, p. 36, May 2009 letter to Kimberly King).  Some of Plaintiff's claims may therefore be moot, though that cannot be determined conclusively.[1]  Given the posture of this case, the Court sets forth the allegations as they are in the Complaint, without trying to determine the current status of the alleged violations.  Defendant

---

[1] Plaintiff's claims for injunctive relief may be moot to the extent that he has already received his requested relief.  He also seeks damages.  Whether and to what extent damages are available are not questions before the Court.  *See* U.S. v. Georgia, 546 U.S. 151 (2006)(Title II's private cause of action for damages is valid abrogation of sovereign immunity to extent the conduct actually violates the Fourteenth Amendment, but Court declined to address whether abrogation was valid if no concurrent Fourteenth Amendment violation); Blazquez v. Board of Educ. of the City of Chicago, 2007 WL 2410369 *10 (N.D.Ill.,2007)("A plaintiff can recover money damages under the ADA or section 504 by showing a statutory violation resulted from 'deliberate indifference' to the rights of the disabled secured by those statutes, . . . .)(not reported in F.Supp.2d).

disputes the truth of many of these allegations, but the Court must accept them as true at this point.

Plaintiff is an individual with a disability who uses a walker or a wheelchair. The City of Peoria has allegedly refused to make Peoria City Hall wheelchair/disabled accessible. In particular, there are no signs at the main entrance informing the public of the nearest accessible entrance. Additionally, after-hours, Plaintiff is unable to use the only men's accessible restroom because it is locked. Plaintiff was finally able to obtain the combination to unlock the restroom after taking his complaint to the City Council. There is also no clear area for Plaintiff's wheelchair or walker in the room which hosts City Council meetings. If more than one person in a wheelchair attends those meetings, others must climb over the wheelchairs in order to access the council floor.[2] The doors in the building lack the required hardware for individuals in wheelchairs. And, most of the public service counters are too high for wheelchair access.

The City of Peoria allegedly does not construct or maintain its sidewalks to be accessible to individuals with disabilities. In particular, the ramp transitions and curb cuts are not flush with the road/sidewalk, some

---

[2]Plaintiff does state in his response that this has been fixed. (d/e 9, p. 12).

sidewalks are deteriorating or have height differences between sections of ½ inch or more, and some areas have no sidewalks at all.  At times Plaintiff has had to drive his wheelchair in the road as a result.  Additionally, the City fails to plow the bus stops and curbs in the winter, and the City does not require sidewalks to be cleared of snow.  The City allegedly has granted zoning variances and special use permits to businesses which allow them to violate accessibility laws.  For example, the City allows sidewalk and other variances that "are not in the best interest of the public" (Complaint, p. 3) and which apparently allow businesses to construct non-ADA-compliant sidewalks or no sidewalks at all.  The City has also repeatedly refused to provide Plaintiff with a copy of its self-evaluation, as required by the Americans with Disabilities Act.

The City allegedly "does not provide equal access to community events and activities, such as Expo Gardens during the State Fair . . . ." (Complaint p. 3). The handicapped parking at the Fair is on gravel and grass, making it impossible to maneuver with a wheelchair, and there are cords and water hoses on the ground inside the Fair.

The City of Peoria revised one of its ordinances to remove the authority of its fair housing and employment commission to hear complaints

of discrimination.  Plaintiff alleges that this change has denied him the right to file a complaint against his landlord.  He also alleges that the City does not investigate illegal discrimination.

Lastly, Plaintiff has repeatedly applied to serve on a City Commission, such as the traffic commission, zoning commission, zoning board of appeals, planning commission, and the mass transit board.  Even when seats were open, Plaintiff was never appointed.  "The only commission or committee a disabled person can get appointed to is the advisory committee for the disabled . . . ."  (Complaint p. 3).

## Analysis

### I.  Title II of Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134

Title II of the ADA "prohibits any public entity from discriminating against 'qualified' persons with disabilities in the provision or operation of public services, programs, or activities."  Tennessee v. Lane, 541 U.S. 509, 517 (2004); 42 U.S.C. § 12132.  The City of Peoria, as a local government, is a "public entity" under the Act.  42 U.S.C. § 12131(1)(A).  "[U]nder the ADA, a public entity must reasonably accommodate a qualified individual with a disability by making changes in rules, policies, practices, or services when needed."  Oconomowoc Residential Programs v. City of Milwaukee,

300 F.3d 775, 782-83 (7th Cir. 2002), *citing* Dadian v. Village of Wilmette, 269 F.3d 831, 838 (7th Cir.2001) *and* 28 C.F.R. § 35.130(b)(7).

The City devotes much of its argument to challenging the truth of Plaintiff's allegations, asserting that "any statement that is simply untrue cannot be made acceptable to this Court." (d/e 7, p.2). The City sets forth its own version of the facts which it believes demonstrate the falsity of Plaintiff's claims. As discussed above, however, the Court must accept Plaintiff's factual allegations as true on a 12(b)(6) motion to dismiss. Arguments about what the facts really are belong at the summary judgment stage. *See* Central District of Illinois Local Rule 7.1(D)(discussing summary judgment motions)(www.ilcd.uscourts.gov, "local rules").

Thus, the Court cannot rule at this stage that Plaintiff's allegations are untrue. Similarly, the Court cannot decide whether the City's reasons for not complying are justified under the ADA. The Court cannot determine, as the City urges, that City Hall's significance as an historical building make the accommodations sought unreasonable, or that there has been no construction or alteration of the building which would require ADA compliance. (d/e 7, p. 4). The Court cannot rule at the 12(b)(6) stage that the City's failure to plow was a temporary or isolated interruption in access.

*Compare with* Foley v. City of Lafayette, 359 F.3d 925 (7th 2004)(finding, on summary judgment, that City's actions were reasonable emergency accommodation in light of snow and failure of elevators).  The Court cannot declare that Plaintiff's allegations regarding the self-evaluation plan are "just not true."  (d/e 7, p.8).[3]  And, the Court cannot conclude at this stage that the City does not own or maintain the "Expo Gardens."[4]

The only question at this stage is whether Plaintiff's factual allegations plausibly suggest a right to relief under Title II of the ADA.  The Court believes they do.  Plaintiff identifies specific parts of City Hall that are wheelchair inaccessible or otherwise violate the ADA, and alleges that sidewalks and curbs are not ADA compliant.  The City does not contend that these allegations, *if true*, would fail to state ADA violations as a matter of law.  The Court thinks that these allegations do state arguable ADA claims.  *See, e.g.,* Phipps v. Sheriff of Cook County, 249 F.R.D. 298 (N.D.

---

[3]The Court wonders whether there is a private cause of action regarding Plaintiff's claims about the self-evaluation plan, but that has not been addressed by the parties.  *See* Iverson v. City of Boston, 452 F.3d 94, 101-02 (1st Cir. 2006)(no private cause of action to enforce ADA's self regulation and transition plan regulations).  In any event, if Plaintiff has in fact been provided the self-evaluation plan with all its updates that can be established at summary judgment.

[4]Though it does appear from Plaintiff's attachments that this is the case (d/e 9, p. 40, USDOJ letter to Expo Gardens).  Plaintiff contends in his response that the City has an obligation to enforce the state and federal accessibility laws against Expo Gardens, even if it is not City-owned.  The City, however, has no legally enforceable obligation to enforce state and federal laws or even its own ordinances.

Ill. 2008)(certifying class of pretrial detainees challenging wheelchair access); Barden v. City of Sacramento, 292 F.3d 1073, 1076 (9th Cir. 2002)(city sidewalks a service under ADA); Frame v. City of Arlington, 575 F.3d 432, 439 (5th Cir. 2009)(same); Culvahouse v. City of LaPorte, 2008 WL 2038396 *3 (N.D. 2008)("In order to ensure accessibility, curb ramps that comply with the ADA must be provided on public streets.")(not reported in F.Supp.2d); 28 C.F.R. § 35.151(e)(curb ramps).[5]

Plaintiff also appears to allege that zoning variances are granted in a manner that discriminates against the disabled. In his response, he gives two specific examples of zoning approvals by the City which apparently allowed businesses to skirt their legal obligations to provide sidewalks. (d/e 9, p. 22). The City counters that it has the power to determine what is in its own best interest, which includes zoning decisions. The City's authority to grant variances is not at issue, however. Plaintiff alleges that the manner in which that authority is exercised discriminates against disabled persons. The City does not address the legal viability of these allegations as an ADA claim, and the Court does not believe a sua sponte

---

[5]Regarding the sidewalks, the City asserts that it cannot respond because Plaintiff has not identified specific areas. To the extent such detail is necessary, Plaintiff rectifies that in his response, identifying specific intersections and curb cuts. (d/e 9, pp. 15).

analysis would be appropriate or productive, given that Plaintiff's other allegations already state an ADA claim.

In sum, the City's motion does not demonstrate that Plaintiff's allegations, taken as true, fail to state a claim under the ADA. Accordingly, the Court will recommend denial of the motion as to the ADA claim.

## II. Illinois Economic Barriers Act and Illinois Accessibility Code

In addition to violating the ADA, Plaintiff alleges that Defendants have failed to comply with the Illinois Environmental Barrier Act and the Illinois Accessibility Code.

The Illinois Economic Barrier Act seeks to remove "environmental barriers" for "environmentally limited persons." 410 ILCS § 25/1 *et seq.* To that end, the Capital Development Board is charged with adopting and publishing accessibility standards, 410 ILCS § 25/4, which it has done in the Illinois Accessibility Code, 71 Ill. Admin. Code § 400.110 *et seq.*

It is not clear if Plaintiff is trying to pursue a separate cause of action based on the Barriers Act and the Accessibility Code. The City does not address this, but neither the Act nor the Code expressly provides for a private right of action. Instead, the Illinois Attorney General has the power to investigate complaints and enforce the standards. 410 ILCS 25/6;

Putman v. Village of Bensenville, 337 Ill.App.3d 197, 207 (2d Dist. 2003)("we note that the Code provides that it is to be enforced by the Attorney General and does not expressly create a private cause of action. . . .Plaintiffs do not suggest that a private cause of action can be implied under the Code."). A private right of action will not be implied if not "necessary to provide an adequate remedy for violations of the statute." Jandeska v. Prairie Intern. Trucks, Inc., 383 Ill.App.3d 396, 405 (4th Dist. 2008)(discussing considerations of implying private right of action)(Automotive Repair Act did not imply private right of action).

    The Court found no cases addressing whether there is an implied private right of action to enforce the Economic Barriers Act or the Accessibility Code. Given the apparent novelty of the question, the Court will recommend that supplement jurisdiction over this claim be declined (to the extent Plaintiff even pursues such a claim). 28 U.S.C. § 1367 (d)(1)(supplemental jurisdiction may be declined where "claim raises a novel or complex issue of State law").

### III.  Revision of City Ordinance

According to an attachment to Plaintiff's Complaint, the City Council enacted an ordinance in February 2006 which removed the power of its fair housing and employment commission to process and hear complaints of discrimination.  Plaintiff alleges that this change denies him the right to file a complaint against his landlord.  He also alleges that the City will not investigate illegal discrimination.

The ordinance states that the City eliminated this remedy because "State remedies for claims of discrimination are readily available to victims of such discrimination and, in fact, State and Federal processes are more advantageous to victims of discrimination."  (d/e 1, p. 5 (first attachment to Complaint)).  Regardless of the wisdom or sincerity of the City's reasoning, though, the City has no constitutional or statutory obligation to enact its own discrimination codes, and is therefore free to delete those already on its books.  *See* Ill. Const. art. 7 § 6 ("a home rule unit *may* exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare").  Additionally, the City has no constitutional or statutory obligation to investigate allegations of illegal

discrimination or other violations of law.  *See, e.g.,* Tuffendsam v. Dearborn County Board of Health, 385 F.3d 1124, 1126-27 (7th Cir.2004)(county board's failure to enforce public health laws not actionable under Constitution).  Thus, Plaintiff fails to state a claim for relief based on the City's ordinance or the City's failure to investigate complaints of discrimination.

**IV.  Appointment to Commissions**

Although it is far from clear, Plaintiff seems to allege that he was not chosen to serve on various City commissions and committees because of his disability.  (Complaint, d/e 1, p.3).  He alleges that the only committee a disabled person can be appointed to is the advisory committee for the disabled.  Id.

The City argues that applicants are not asked about whether they have disabilities and therefore the appointing authority would not even know of an applicant's disability.  This argument belongs at summary judgment.

The City also argues that Plaintiff's allegations are too vague and broad to state a plausible claim for relief.  The Court disagrees.  Plaintiff identifies the commissions and committees he applied for, alleges that he

was denied appointment because of his disability (liberally construed), and alleges that disabled persons, in practice, are only allowed to serve on the advisory committee for the disabled. This is sufficiently specific to give the City notice of the claim and suggest a plausible ADA claim. 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in . . . . activities of a public entity.").

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted in part and denied in part (d/e 6). The Court recommends dismissal for failure to state a claim of Plaintiff's allegations regarding the City's ordinance, his ability to file a complaint with the City, and the City's failure to investigate discrimination. The Court otherwise recommends that the motion to dismiss be denied. The Court lastly recommends that supplemental jurisdiction be denied over Plaintiff's claims based on the Illinois Environmental Barriers Act and the Illinois Accessibility Code, to the extent he pursues those claims.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).

Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:   September 29, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE