E-FILED
Tuesday, 10 November, 2009   04:31:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROGER WADE SPARKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-1159 |
| | ) | |
| **CITY OF PEORIA, ILLINOIS,** | ) | |
| **A MUNICIPAL CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On May 8, 2009, Plaintiff Roger Sparks ("Sparks") filed a Complaint [#1] against Defendant City of Peoria ("Defendant") and on July 13, 2009, Defendant filed a Motion to Dismiss [#6]. On September 29, 2009, a Report & Recommendation [#10] was filed by Magistrate Judge Byron G. Cudmore in the case. Defendant filed its objections to the Report & Recommendation [#11] on October 12, 2009. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); and *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). For the reasons set forth below, Defendant's Motion to Dismiss [#6] is GRANTED IN PART and DENIED IN PART. Defendant's objections to the Magistrate Judge's Report & Recommendation are denied.

## BACKGROUND

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Sparks brought this litigation against Defendant based on Title II of the Americans with Disabilities Act ("ADA"), the Illinois Environmental Barriers Act, and the Illinois Accessibility Code. He specifically alleges that Defendant has

failed to make City buildings disabled accessible, has failed to construct and maintain its sidewalks to be accessible to disabled individuals, and does not provide equal access to community events and activities.  He further alleges that the City has repeatedly refused to provide him with requested documents, that changes in a City ordinance deny him the right to file discrimination complaints, and that he has repeatedly been denied appointment to various City commissions and boards.[1]  Sparks seeks injunctive relief and damages.

## DISCUSSION

In its Motion to Dismiss, Defendant contends that Sparks' allegations of discrimination and non-compliance are unsupported and in some instances, are untrue.  However, for purposes of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the plaintiff's factual allegations are accepted as true.  FED. R. CIV. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 1955, 1965 (2007).  Factual *sufficiency* is tested later by either a motion for summary judgment under Rule 56, or by a trial.  FED. R. CIV. P. 56; *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (emphasis provided).   At this point, all factual allegations and inferences that could reasonably be drawn therefrom must be construed in favor of Sparks.  The Court concurs with the Magistrate's recommendation that Sparks' factual allegations state arguable claims under Title II of the ADA.

The Court concurs with the recommendation that Sparks fails to state a claim for relief based on the City's ordinance, his ability to file a complaint with the City, and the City's failure

---

[1] The Court agrees with the Magistrate's determination that some of Sparks' claims may be moot given some of the attachments to his response where it appears that the City has fixed or plans to fix some of the alleged problems.  The Court expects that any such mootness will be discussed during the exchange of information in the discovery process.

to investigate discrimination.  The Court further concurs with the recommendation that Sparks' allegations regarding service on the City's committees and commissions are sufficiently specific to give Defendant notice of the claim and suggest a plausible ADA claim.  Defendant, in its Objections to the Report & Recommendation, is demanding a level of specificity that is not required in federal notice pleading.  Federal Rule of Civil Procedure 8(a) does not require a claimant to set forth a detailed statement of the claim, but rather only a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2); *Bell Atlantic Corp.*, 550 U.S. at 1959.  A complaint need not plead legal theory, nor need it match facts to every element of a legal theory.  *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).  General allegations of elements consistent with a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading."  *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998).

Finally, the Court concurs with the recommendation that supplemental jurisdiction over Sparks' claims under the Illinois Economic Barriers Act and Illinois Accessibility Code be declined.  Under 28 U.S.C. § 1367, a federal district court has supplemental jurisdiction over all other claims in addition to the federal claims asserted, that "derive from a common nucleus of operative fact."  *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997)).  However, § 1367 further provides that supplemental jurisdiction may be declined where a "claim raises a novel or complex issue of State law."  28 U.S.C.A. § 1367(c)(1) (2009).  The Court agrees with the Magistrate that given the apparent novelty of the question of whether there is an implied right of action to enforce the Economic Barriers Act or the Accessibility Code, supplemental jurisdiction

is inappropriate here.

Accordingly, the Court now adopts the Report & Recommendation [#10] of the Magistrate Judge in its entirety.  Defendant's Motion to Dismiss [#6] is GRANTED IN PART and DENIED IN PART.  Sparks' allegations regarding Defendant's ordinance, his ability to file a complaint with Defendant, and Defendant's failure to investigate discrimination are dismissed for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).  The Court DENIES supplemental jurisdiction over Sparks' claims based on the Illinois Environmental Barriers Act and the Illinois Accessibility Code, to the extent he pursues those claims.  The Motion to Dismiss is denied in all other respects, leaving Sparks' claims under Title II of the ADA to go forward into discovery.

Entered this 10th day of November, 2009.

                                                s/Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge