# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Roger Wade Sparks, | ) |
| Plaintiff, | ) |
| v. | ) No. 09-CV-1159 |
| City of Peoria, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues claims against the City of Peoria based on Title II of the Americans with Disabilities Act. Before the Court is the City's motion to dismiss Plaintiff's amended complaint, which the Court recommends be granted.

## Background

Plaintiff filed this case on May 8, 2009, pursuing claims against the City of Peoria based on Title II of the Americans with Disabilities Act, the Illinois Environmental Barriers Act and the Illinois Accessibility Code. On November 10, 2009, Judge Mihm adopted this Court's report and recommendation regarding the City's motion to dismiss. Specifically,

Judge Mihm concluded that Plaintiff failed to state a claim regarding the City's revisions to its ordinances, Plaintiff's ability to file a discrimination complaint with the City, and the City's failure to investigate discrimination. Additionally, Judge Mihm declined supplemental jurisdiction over the state claims under the Illinois Environmental Barriers Act and the Illinois Accessibility Code, to the extent Plaintiff pursued them. (11/10/09 Order by Judge Mihm). What remains are Plaintiff's Title II claims under the ADA.

On January 12, 2010, scheduling deadlines were set, with May 14, 2010, as the deadline for amended pleadings. (1/12/10 text order). On May 13, 2010, Plaintiff filed a motion for leave to file an amended complaint. Defendants followed with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the motion presently before the Court. This Court granted Plaintiff leave to file the amended complaint and treated the motion to dismiss as responsive to the amended complaint. (6/2/10 text order).[1]

## Analysis

Plaintiff asserts that he "seeks to add additional ADA issues and be specific to the ADA issues in original Complaint, along with additional evidence and photos." (d/e 21, p. 1).

---

[1] The Amended Complaint is docketed as docket entry 25, but does not include the exhibits. The exhibits can be found as an attachment to docket entry 21.

For the most part, the amended complaint reiterates the allegations in the original complaint, adding more detail and some new allegations.  This is a problem because the amended complaint still references violations of the Illinois Environmental Barrier Act and the Illinois Accessibility Code, claims which were dismissed by Judge Mihm when he declined supplemental jurisdiction over them.  Similarly, the amended complaint still contains allegations about the change to the City's ordinance, a claim which has also been dismissed by Judge Mihm.  Thus, the amended complaint does not comply with Judge Mihm's order, because it attempts to pursue claims that have already been dismissed by Judge Mihm.  That alone is reason enough to dismiss the amended complaint.

The amended complaint also contains different attachments than the original complaint, and, Plaintiff's motion for leave seems to reference other materials in the original complaint (*see* d/e 21, p.1).  An amended complaint takes the place entirely of the original complaint, a consequence the Court is not sure Plaintiff intended.   See French v. Wachovia Bank, 574 F.3d 830, 835 (7th Cir. 2009)("'[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and

controls the case from that point forward.'")(*quoting* Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)).

The amended complaint adds new detail to existing allegations, but that detail is not necessary to state the ADA claims, as Judge Mihm already pointed out in his November order. The amended complaint also contains cryptic additions of citations and quotations from citations, which is not necessary and is confusing, at least to this Court. It seems that much of this added detail and citation belongs at the summary judgment stage, or in settlement negotiations or responses to discovery requests. Plaintiff has already stated Title II ADA claims; further detail, evidence and argument comes later, after discovery has closed, in summary judgment motions and responses.

There do appear to be some new allegations, though the City does not address them. To state a claim under federal notice pleading standards, these allegations must "show[] that the pleader is entitled to relief . . . .," Fed. R. Civ. P. 8(a)(2), which means giving "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007)(quoted and other cites omitted). To demonstrate entitlement to relief, a claim must have

"facial plausibility," which means enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)(citation omitted).  The allegations must do more than "merely parrot the statutory language of the claims that they are pleading . . . ., rather than providing some specific facts to ground those legal claims, . . . ." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

The new allegations include a purported violation of 28 C.F.R. § 35.107(b), which requires a public entity to "adopt and publish grievance procedures providing for prompt and equitable resolution of complaints." Plaintiff alleges that the City denied him the right to file an ADA complaint, "and to receive a meeting within 15 days . . . ." (Amended Complaint ¶ 7). Plaintiff then alleges that it took three months for a response to his ADA complaint.  He seeks $100,000 for this alleged violation and compliance with ADA grievance guidelines.  Id.

Plaintiff also adds allegations that the Mayor's Advisory Committee for the Disabled is being held more strictly to "Robert's Rules of Order" than other City committees, boards and commissions.  (Amended Complaint

¶ 12).  It is not clear what he means—his examples seem to be that the City's ADA coordinator was unable to figure out the quorum requirements or to timely and correctly answer Plaintiff's questions, and possibly the strict application of an attendance requirement.  (Amended Complaint ¶ 12(A)-(B)).  Plaintiff also assails written material circulated at one committee meeting in September, 2009, which was set in such small print that he could not read it, despite the fact that he had orally notified the ADA coordinator that written communications needed to be no smaller than a font size of 12.  (Amended Complaint ¶ 12(C); Memorandum in Support of Opposition to Dismiss, d/e 29, p. 1).  He seeks $50,000 in damages based on these allegations.

The Court is unable to discern a plausible claim based on these new allegations.  It is clear that Plaintiff is unsatisfied with the way that the City runs the Mayor's Advisory Committee for the Disabled, including the alleged lack of knowledge of the City's ADA coordinator, but those dissatisfactions do not alone state an ADA claim.  No plausible inference arises that the Committee discriminated against Plaintiff because of a disability as defined in the ADA.[2]  Likewise, the allegations do not plausibly

---

[2] No plausible inference arises that Plaintiff is a qualified person with a disability with regard to his need for size 12 font lettering, or that the one incident of distribution of

give notice of a violation of 28 C.F.R. § 35.107(b). Although Plaintiff alleges that he was denied the right to file an ADA complaint, in the same paragraph he alleges that he received acknowledgment of his ADA complaint 30 days after it was filed, and that he received a decision on the complaint three months after it was filed. (Amended Complaint ¶ 25). Plaintiff's allegations relating to 28 C.F.R. § 35.107 seem to go more to the three months it took to process his complaint and to the decision itself, rather than to any deficiency in the establishment or publication of a grievance procedure.[3] In short, the new allegations fail to give fair notice of any additional, actionable ADA violations that are not already in the original complaint.

The amended complaint also seeks more money damages and additional injunctive relief. For example, the original complaint sought $500,000 and a "change . . . [in] polices and procedures to inspect all properties with new construction, alterations or additions at the time of construction. To have all properties comply with they're [sic] Zoning

---

materials with a smaller font amounted to discrimination against him because of that disability.

[3]The Court also wonders whether there would be a private action based on a violation of this section, but that question is not before the court. See, e.g., Longberg v. City of Riverside, 571 F.3d 846, 851 (9th Cir. 2009)(ADA transition plan regulations not enforceable through private right of action).

Certificates, the Illinois Accessibility Code, and the American Disabilities Act." (d/e 1, p. 4).  In contrast, the amended complaint seeks a total of $800,000 in damages (which are now divided over separately numbered paragraphs), and also seeks specific injunctive relief in each numbered paragraph.  The injunctive relief sought in the amended complaint is spelled out in more detail than the original complaint.  For example, the amended complaint seeks proper signage, lower counters, proper door openers and hardware, wheel-chair accessible bus stops or bike lanes, an update of the self-evaluation plan, sidewalks to business entrances, enforcement of the Illinois Accessibility Code, and appointment of disabled persons to City boards which oversee building development.

     An amended complaint is not necessary to request this more specific relief.  The bulk of the injunctive relief sought in the amended complaint is already impliedly sought in the original complaint, which asks for compliance with the American with Disabilities Act.  Any other injunctive relief sought in the amended complaint would not be available, since it would not be about compliance with the ADA (such Plaintiff's request for compliance with the Illinois Accessibility Code, a claim which has been dismissed).  And, Plaintiff does not need to file an amended complaint to

seek more money damages.  The prayer for relief is only an estimate and does not limit Plaintiff's ability to obtain relief to which he is entitled.  See Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002)(Rule 8(a)(3)'s requirement for demand for relief is not part of claim; Rule 54(c) allows a party to "obtain any relief to which he's entitled even if he 'has not demanded such relief in [his] pleadings.'")(bracketed word in original)(other citations omitted).

In sum, the amended complaint pursues claims already dismissed, adds nothing to the existing claims that are proceeding, adds detail and citations that are confusing and unnecessary, and fails to give fair notice of any new, plausible ADA claims.  Plaintiff's original complaint is already sufficient to state ADA claims, and his prayer for relief in his original complaint will not prevent him from obtaining relief to which he is entitled.  Accordingly, the Court will recommend that the amended complaint be dismissed.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted (d/e 22) and the Amended Complaint be dismissed.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    August 23, 2010

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE