E-FILED
Monday, 20 September, 2010  02:25:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER WADE SPARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-1159 |
| ) | |
| CITY OF PEORIA, ILLINOIS, ) | |
| A MUNICIPAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On May 8, 2009, Plaintiff Roger Wade Sparks ("Sparks") filed his original Complaint against Defendant City of Peoria ("Defendant"). Sparks brought this litigation against Defendant based on Title II of the Americans with Disabilities Act ("ADA"), the Illinois Environmental Barriers Act, and the Illinois Accessibility Code. On November 10, 2009, this Court adopted the Magistrate Judge's first Report & Recommendation that the Motion to Dismiss Sparks' original Complaint be granted in part and denied in part. This Court concurred with the recommendation that Sparks failed to state a claim regarding Defendant's ordinance, his ability to file a complaint with Defendant, and Defendant's failure to investigate discrimination. The Court further concurred with the recommendation that supplemental jurisdiction over Sparks' claims under the Illinois Economic Barriers Act and Illinois Accessibility Code be declined.

On May 13, 2010, Sparks sought leave to file an Amended Complaint [#25] against Defendant City of Peoria ("Defendant") and on June 1, 2010, Defendant filed a Motion to Dismiss [#22] the Amended Complaint. On June 2, 2010, Magistrate Judge Byron G. Cudmore

granted Sparks leave to file the Amended Complaint and treated Defendant's second Motion to Dismiss as a response to Sparks' Amended Complaint.  In his Amended Complaint, Sparks added more detail and new allegations, included different attachments, sought more money damages, and additional injunctive relief.  On August 23, 2010, a Report & Recommendation [#36] was filed by Magistrate Judge Cudmore in the case.  Sparks filed his Response, construed as an objection, to the Report & Recommendation [#40] on September 10, 2010.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); and *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).  For the reasons set forth below, Defendant's Motion to Dismiss [#22] Sparks' Amended Complaint [#25] is GRANTED, leaving only Sparks' Title II claims under the ADA which survived the first Motion to Dismiss.  Sparks' objections to the Magistrate Judge's Report & Recommendation are denied.

## DISCUSSION

In his Report & Recommendation, the Magistrate Judge details all the ways in which Sparks sought to add more detail and new allegations in his Amended Complaint, and the extent to which he seeks more money damages and additional injunctive relief.  The Court agrees with the Magistrate Judge's conclusion that much of the added detail and citation belongs at the summary judgment stage, or in settlement negotiations or responses to discovery requests.  Ultimately, the Court agrees with the Magistrate's recommendation that the Amended Complaint be dismissed where Sparks' Amended Complaint pursues claims already dismissed, adds nothing to the existing claims that are proceeding, adds detail and citations that are confusing and unnecessary, fails to give fair notice of any new, plausible ADA claims, and it is unnecessary to request more specific relief.

In his Response to the Report & Recommendation, Sparks explains that he understood this Court's November 10, 2009, Order and the Magistrate Judge's September 29, 2009, Report & Recommendation as directing Sparks to file an Amended Complaint. He asks the Court to invalidate his Amended Complaint and "up hold to [sic] the original Complaint filed in May 2009." Sparks fails to understand that the sufficiency of his original Complaint has already been challenged by Defendant as a result of the first Motion to Dismiss filed on July 13, 2009. In adopting the Magistrate Judge's September 29, 2009, Report & Recommendation, this Court held that only Sparks' Title II claims under the ADA remained. Neither the Magistrate Judge nor this Court directed Sparks to file an Amended Complaint. Sparks cannot now seek to rely upon the claims contained in his original Complaint which have already been dismissed by this Court.

In his Response to the Report & Recommendation, Sparks again discusses the small font size used by the City of Peoria in the material it previously circulated, and that he has indicated to the Mayor's Advisory Committee for the Disabled that he has vision trouble with the small font. These are the same allegations, just stated differently, that he made in his Amended Complaint and Memorandum in Support of Opposition to Defendant's Motion to Dismiss. *See* Amended Complaint 12(C); *and* Docket Entry 29, p.1. Because this Court agrees with the Magistrate Judge's determination that the Amended Complaint fails to give fair notice of any new, plausible ADA claims, Sparks' Response - containing the same allegations, just stated differently - is insufficient to overcome that recommendation.

Next in his Response, Sparks questions why one of Defendant's employees wrote the word "Disability" in the top corner of one of his applications for a commission. Sparks' claim

that he was not chosen to serve on certain City commissions and committees because of his disability remains in this case. However, this particular allegation regarding the word "Disability" written on one of his applications is just the type of added detail that belongs at the summary judgment stage or in response to discovery requests, as the Magistrate Judge noted in his August 23, 2010, Report & Recommendation.

      Accordingly, this Court now adopts the Report & Recommendation [#36] of the Magistrate Judge in its entirety. Defendant's second Motion to Dismiss [#22] is GRANTED and Sparks' Amended Complaint [#25] is DISMISSED. Only Sparks' Title II claims under the ADA, which survived the first Motion to Dismiss, remain in this case. This matter is referred to the Magistrate Judge for further proceedings.

      ENTERED this 20th day of September, 2010.

                                               s/ Michael M. Mihm
                                               Michael M. Mihm
                                               United States District Judge